In The



Court of Appeals



Ninth District of Texas at Beaumont



 __________________ 


 

NO. 09-05-292 CR


______________________


 

GERARDO FLORES, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 217th District Court


Angelina County, Texas


Trial Cause No. 24959






OPINION


 A jury found Gerardo Flores guilty of the capital murder of his two unborn children. 
He was sentenced to life in prison. His appellate issues concern the constitutionality of
various sections of the Texas Penal Code, the trial court's refusal to submit certain "lesser-included" offenses for the jury's consideration, and the trial court's denial of motions to
suppress evidence. We affirm the trial court's judgment.


The Facts


 In the early morning hours of May 7, 2004, an ambulance carried E. B. to the hospital
emergency room. She had delivered twins prematurely at home. Medical evidence reveals
the twins had been dead in utero for at least twenty-four to forty-eight hours. At the hospital,
nurses noticed bruises on E. B.'s arms and "massive bruising" on her abdomen. The police
were notified. Officers questioned Flores, E.B.'s boyfriend with whom she was living at
Flores's parents' house. In a hand-written statement, Flores stated he and E.B. had argued
that night and he struck her. Further, Flores admitted he had in the seven days prior to her
delivery stepped on her abdomen on two different occasions. Flores was charged with capital
murder of the two unborn children.

 The Constitutional Challenges


 In issues one through four, Flores contends sections 1.07(a)(26) and 19.06 of the
Texas Penal Code are unconstitutional. See Tex. Pen. Code Ann. §§ 1.07(a)(26), 19.06
(Vernon Supp. 2006). Flores challenges section 19.06 under the Equal Protection Clauses
of the federal and state constitutions and the Equal Rights Amendment of the Texas
Constitution; he challenges section 1.07(a)(26) under the Due Process and Establishment
Clauses of the United States Constitution. (1) 

 The Texas Legislature has defined capital murder to include the murder of an
individual under six years of age. See Tex. Pen. Code Ann. § 19.03(a)(8) (Vernon Supp.
2006). The Penal Code defines "individual" as a "human being who is alive, including an
unborn child at every stage of gestation from fertilization until birth." Tex. Pen. Code Ann.
§ 1.07(a)(26) (Vernon Supp. 2006). The criminal homicide chapter of the Penal Code
excludes the following conduct from the chapter's applicability: 

 Section 19.06. Applicability to Certain Conduct 


 This chapter does not apply to the death of an unborn child if the conduct
charged is:

 (1) conduct committed by the mother of the unborn child;

 (2) a lawful medical procedure performed by a physician or other
licensed health care provider with the requisite consent, if the death of
the unborn child was the intended result of the procedure;

 (3) a lawful medical procedure performed by a physician or other
licensed health care provider with the requisite consent as part of an
assisted reproduction as defined by Section 160.102, Family Code;

 or

 (4) the dispensation of a drug in accordance with law or administration
of a drug prescribed in accordance with law. 


Tex. Pen. Code Ann. § 19.06 (Vernon Supp. 2006).


 A court confronted with an attack on the constitutionality of a statute starts with a
presumption the Legislature has not acted unreasonably or arbitrarily and the statute is
constitutional. Rodriguez v. State, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). The individual
challenging the statute has the burden to establish its unconstitutionality. Id. A court will
uphold a statute if the court can determine a reasonable construction that will carry out
legislative intent and render the statute constitutional. Sheldon v. State, 100 S.W.3d 497, 500
(Tex. App.--Austin 2003, pet. ref'd) (citing Ely v. State, 582 S.W.2d 416, 419 (Tex. Crim.
App. 1979)). 

 Flores argues he has been denied equal protection of the law under the United States
and Texas constitutions because, as the biological father seeking to abort the unborn children,
he is treated differently from the biological mother. (2) See U.S. Const. amend. XIV, § 1; Tex.
Const. art. I, §§ 3, 3a. Under the circumstances in this case, section 19.06 exempts the
biological mother from prosecution for murder. See §§ 19.03, 19.06. The Equal Protection
Clause requires that "all persons similarly circumstanced shall be treated alike" under the
law. Plyler v. Doe, 457 U.S. 202, 216, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982) (quoting F.
S. Royster Guano Co. v. Virginia, 253 U.S. 412, 415, 40 S.Ct. 560, 64 L.Ed. 989 (1920));
Wood v. State, 18 S.W.3d 642, 651 n.9 (Tex. Crim. App. 2000). "States must treat like cases
alike but may treat unlike cases accordingly." Vacco v. Quill, 521 U.S. 793, 799, 117 S.Ct.
2293, 138 L.Ed.2d 834 (1997). The Texas Constitution provides that "[e]quality under the
law shall not be denied or abridged because of sex, race, color, creed, or national origin." 
Tex. Const. art. I, § 3a. (Texas Equal Rights Amendment). 

 Under the federal constitution, a statutory classification is evaluated under strict
scrutiny if it implicates a fundamental right or discriminates against a suspect class. See
Kadrmas v. Dickinson Pub. Schs., 487 U.S. 450, 457-58, 108 S.Ct. 2481, 101 L.Ed. 2d 399
(1988); Henderson v. State, 962 S.W.2d 544, 560 (Tex. Crim. App. 1997). If a fundamental
right is not implicated and there is no suspect class, the statutory classification need only be
rationally related to a legitimate governmental purpose to survive an equal protection
challenge. Kadrmas, 487 U.S. at 457-58; City of Cleburne v. Cleburne Living Ctr., 473 U.S.
432, 439-440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). Under the Texas Constitution, sex is
a suspect class. Bell v. Low Income Women of Tex., 95 S.W.3d 253, 262 (Tex. 2002). Flores does not have a fundamental right to abort or to assist in aborting his unborn
children. See generally Planned Parenthood of Cent. Mo. v. Danforth, 428 U.S. 52, 67-72,
96 S.Ct. 2831, 49 L.Ed.2d 788 (1976). He suggests, however, gender may be a factor,
thereby implicating a suspect class analysis. Section 19.06 does not discriminate on the basis
of gender. Under sections 19.06 and 19.03, prosecution for murder of unborn children is not
limited to biological fathers or to males. Anyone, male or female, relative or non-relative,
whose conduct is not exempted by section 19.06, is subject to prosecution. 

 There being no fundamental right or suspect class at issue, the statute is subject to a
"rational basis" review for purposes of the equal protection challenge. See Henderson, 962
S.W.2d at 560. Flores argues the statutory classification -- exempting E.B. from prosecution
-- impermissibly discriminates against him and is irrational and arbitrary. If there is a
rational relationship between the disparity of treatment and some legitimate governmental
purpose, the classification does not deny him equal rights or violate the Equal Protection
Clause. See Bd. of Trs. v. Garrett, 531 U.S. 356, 366-67, 121 S.Ct. 955, 148 L.Ed.2d 866
(2001); Richards v. Texas A & M Univ. Sys., 131 S.W.3d 550, 557 (Tex. App.--Waco 2004,
pet. denied); Stewart v. State, 13 S.W.3d 127, 131-32 (Tex. App.--Houston [14th Dist.] 2000,
pet. ref'd). 

 The statute seeks to protect the unborn from murder and also to conform to existing
constitutional interpretation by the United States Supreme Court. See, e.g., Roe v. Wade, 410
U.S. 113, 163-66, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). The United States Supreme Court
has not prohibited states from protecting the unborn in contexts other than those detailed in
Roe. See Webster v. Reproduction Health Servs., 492 U.S. 490, 519-22, 109 S.Ct. 3040, 106
L.Ed.2d 410 (1989). Because the United States Supreme Court has held that states may
protect the unborn, the Texas statute has a rational basis and does not violate appellant's
equal protection rights. The statute bears a rational relationship to the State's legitimate
interest in protecting life. Issues one and two are overruled. 

 In issue three, Flores contends section 1.07(a)(26) of the Penal Code violates his right
to due process of law. See Tex. Pen. Code Ann. § 1.07(a)(26). He makes the following due
process arguments: the definition of "individual" in section 1.07(a)(26) is void for vagueness
because it arbitrarily defines the point at which life begins; an ordinary person cannot
understand what conduct is prohibited; the definition of "individual" violates substantive due
process under Roe v. Wade, because "the [S]tate does not have an interest in the preservation
of potential life, at least until the fetus reaches viability"; the definition is "overbroad"
because it "extends full legal personhood to any fertilized human cell, thus making the
experimentation on the destruction of embryonic tissue for the purpose of medical research
possibly illegal homicide"; and the statute is "vague and arbitrary so as to invite prosecutorial
discretion." 

 Appellant's substantive due process arguments lack merit. The State's interest in
protecting life does not arise only at the point of viability, and the Texas Legislature's
decision to define "individual" as including an unborn child is not arbitrary. See Planned
Parenthood of Se. Pa. v. Casey, 505 U.S. 833, 846, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992)
("State has legitimate interests from the outset of the pregnancy in protecting the health of
the woman and the life of the fetus that may become a child."); see also Coleman v. DeWitt,
282 F.3d 908, 911-13 (6th Cir. 2002). Further, sections 19.03, 19.06, and 1.07 provide clear
notice that the State protects unborn children from persons, other than those whose conduct
the statute exempts from prosecution, who would knowingly or intentionally cause the death
of the unborn at any point during pregnancy. Whether in any particular case a defendant's
conduct can be shown to have caused the death of an unborn child is a question of proof, not
a question of the constitutionality of the statute.

 In a facial constitutional challenge, Flores contends the definition of "individual" in
section 1.07(a)(26) is so "overbroad" that it makes fertilized human cells a person and may
make the destruction of embryonic tissue in the course of medical research "illegal
homicide." Generally, in a facial challenge to a statute, the challenger must establish that no
set of circumstances exists under which the Act would be valid. United States v. Salerno,
481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). The fact that section 1.07(a)(26)
might operate unconstitutionally under some conceivable set of circumstances is insufficient
to render it wholly invalid. The "overbreadth" doctrine has not been recognized outside the
limited context of the First Amendment. Salerno, 481 U.S. at 745; Santikos v. State, 836
S.W.2d 631, 633 (Tex. Crim. App. 1992). Here, no First Amendment rights are implicated. 
The "overbreadth" argument lacks merit. 

 As part of his due process argument, Flores also asserts the definition of "individual"
is vague. A statute may be void for vagueness if its prohibitions are not clearly defined, and
if it does not provide sufficient notice to law enforcement personnel to prevent arbitrary or
discriminatory enforcement. (3) State v. Markovich, 77 S.W.3d 274, 279 (Tex. Crim. App.
2002). The criminal offense must be defined with sufficient clarity that people can
understand what conduct is prohibited. See Grayned v. City of Rockford, 408 U.S. 104, 108,
92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); State v. Holcombe, 187 S.W.3d 496, 499 (Tex. Crim.
App.), cert. denied, __ U.S.__, 127 S.Ct. 176, 166 L.Ed.2d 41(2006). A statute is not
impermissibly vague because it fails to define certain words or phrases. Holcombe, 187
S.W.3d at 499. Further, the statutory provision need not be mathematically precise. All that
is required is that it give fair warning in light of common understanding and practices. See
Griffin Indus. v. State, 171 S.W.3d 414, 418 (Tex. App.--Corpus Christi 2005, pet. ref'd). 
 Flores has failed to identify how the statute is unconstitutionally vague as applied to
him. See Bynum v. State, 767 S.W.2d 769, 774 (Tex. Crim. App. 1989); see also Margraves
v. State, 34 S.W.3d 912, 920 (Tex. Crim. App. 2000). Section 19.02 makes the murder of
an individual a criminal offense. Section 19.03 makes the murder of an individual under six
years of age a capital offense. Section 1.07(a)(26) defines "individual." The definition of
"individual" is precise, plain, and clear. It carries no uncertainty or indefiniteness. See
Lawrence v. State, No. 05-05-01391-CR, 2006 Tex. App. LEXIS 11056, at *17-24 (Tex.
App.--Dallas Dec. 27, 2006, no pet. h.) (rejecting vagueness challenge to definition of
"individual" in section 1.07(a)(26)). A reasonable person of ordinary intelligence would not
believe that Texas statutes permit someone not exempted by the statute to knowingly or
intentionally cause the death of an unborn child. As applied to Flores and in light of his
conduct, there is no basis to conclude the statute did not apprise him that his conduct was
prohibited. Issue three is overruled.

 In issue four, appellant contends the statute violates the Establishment Clause of the
United States Constitution because defining life as beginning "at conception is religious, not
medical or legal." Flores states that medical science does not acknowledge the statute's
definition of human life. 

 The Establishment Clause prohibits Congress from making any law "respecting an
establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend
I. Flores cites Lemon v. Kurtzman, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971) as
the test for whether a statute survives an Establishment Clause challenge. The statute (1)
must be secular in purpose, (2) must have a principal or primary effect that neither advances
nor inhibits religion, and (3) must not foster excessive government entanglement with
religion. Lemon, 403 U.S. at 612-13. Section 1.07(a)(26) satisfies the three-pronged test in
Lemon. The definition of "individual" in section 1.07(a)(26), as applied through section
19.03, serves the secular purpose of protecting individuals, including the unborn, from
criminal attack. The principal or primary effect of sections 19.03 and 1.07(a)(26) is to
impose criminal responsibility on one who by criminal conduct intentionally or knowingly
kills an unborn child. A statute does not violate the Establishment Clause merely because
it is consistent with religious views. Harris v. McRae, 448 U.S. 297, 319-20, 100 S.Ct. 2671,
65 L.Ed.2d 784 (1980). Religions may oppose theft, assault, and murder; religious
opposition to particular conduct does not prevent a state, consistent with the Establishment
Clause, from enacting laws prohibiting the same conduct as criminal. Further, the challenged
statute does not foster excessive government entanglement with religion, but rather protects
the future viability of the unborn child. Issue four is overruled. 

 In issue five, Flores argues the trial court erred "in allowing evidence of unindicted
extraneous offenses during the guilt/innocence phase of the trial." He specifically references
the prosecutor's questions concerning bruises found on E.B. (4) 

 The State argues the assaultive offenses on E.B. were part of Flores's "brutal attack
on his unborn sons, and therefore not extraneous to the charged crime." The amended
indictment states the unborn children were murdered on May 5, two days before the May 7
delivery of the babies. The implication is that any bruising present on E.B. the night of May
7 could not have been related to the deaths of the twins a few days earlier, and the bruising
on E.B.'s face, legs, and arms would be extraneous acts. 

 A trial court's admission of extraneous offenses is reviewed under an abuse of
discretion standard. Prible v. State, 175 S.W.3d 724, 731 (Tex. Crim. App.), cert. denied,
__ U.S. __, 126 S.Ct. 481, 163 L.Ed.2d 367 (2005). If the trial judge's ruling is within the
zone of reasonable disagreement, there is no abuse of discretion. Id. Extraneous offenses
may be admissible as same transaction contextual evidence when "several crimes are
intermixed, or blended with one another, or connected so that they form an indivisible
criminal transaction." Id. at 731-32 (quoting Rogers v. State, 853 S.W.2d 29, 33 (Tex. Crim.
App. 1993)). This type of evidence results when an extraneous matter is so intertwined with
the State's proof of the charged crime that avoiding reference to it would make the State's
case difficult to understand or incomplete. Id. at 732. 

 The evidence of bruises that medical personnel observed on E.B. when she presented
at the hospital, and the resulting notification of the police, were admissible as same
transaction contextual evidence. See Wyatt v. State, 23 S.W.3d 18, 25-26 (Tex. Crim. App.
2000); White v. State, 190 S.W.3d 226, 231 (Tex. App.--Houston [1st Dist.] 2006, no pet.)
(officer's testimony necessary to explain how defendant was arrested and presented for
identification). The bruises on E.B. were so intertwined with the charged offense that the
State's case may well have been incomplete without some mention of the bruises; there may
have been an insufficient understanding of why the police were called for a delivery of
premature babies. Further, Dr. Brown, one of the expert witnesses, testified the bruises may
have occurred around the time the infants actually died, making the bruises part of the assault
that killed the infants. Under these circumstances, testimony about the bruises found on
E.B.'s arms, face, and abdomen helped explain the interwoven events, showed some of the
consequences of the defendant's criminal conduct, and aided the jury in understanding the
events in context. 

 "Although relevant, evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice[.]" Tex. R. Evid. 403. Rule 403 favors the
admission of relevant evidence, and it is presumed that relevant evidence will be more
probative than prejudicial. Shuffield v. State, 189 S.W.3d 782, 787 (Tex. Crim. App.) cert.
denied, __ U.S. __, 127 S.Ct. 664, 166 L.Ed.2d 521 (2006). "A proper Rule 403 analysis
includes, but is not limited to, the following factors: (1) the probative value of the evidence;
(2) the potential of the evidence to impress the jury in some irrational, yet indelible, way; (3)
the time needed to develop the evidence; and (4) the proponent's need for the evidence." 
Prible, 175 S.W.3d at 733. 

 The evidence of bruises on E.B. had probative value, because the evidence served to
explain the context of the police presence after the stillbirths of the twins and the assaultive
environment in which the twins died. In his videotaped interview with the police, Flores
stated he stood on E.B.'s abdomen on two different occasions during the week prior to
delivery. One expert indicated the bruises on her abdomen, arms, and face could have
occurred around the same time as the twins' deaths. Rather than confusing the jury, the
evidence served to further the jury's understanding of the issues by explaining why medical
personnel believed a crime had been committed, why they called the police, and how their
investigation involved the bruises on E.B. The evidence of bruises would not impress the
jury in an irrational way. 

 The prosecutor and defense counsel both spent considerable time developing evidence
of the bruises, but this does not render the evidence unfairly prejudicial in light of its
probative value. The bruise evidence was necessary to explain the circumstances
surrounding the charged offense. The probative value of the evidence was not substantially
outweighed by the danger of unfair prejudice. The trial court did not abuse its discretion in
admitting the evidence. We overrule issue five. 

 In issues six through ten, appellant argues the trial court erred in refusing to submit
"lesser-included" offenses for the jury's consideration. The trial court submitted instructions
on capital murder, injury to a child, and manslaughter. Appellant requested instructions on
felony murder, criminally negligent homicide, deadly conduct, aggravated assault, and
assault. The trial court denied his requests. A charge on a lesser-included offense should be
given when (1) the lesser-included offense is included within the proof necessary to establish
the charged offense, and (2) there is some evidence that would permit a rational jury to find
the defendant guilty of the lesser offense but not guilty of the greater. Salinas v. State, 163
S.W.3d 734, 741 (Tex. Crim. App. 2005).

 In issue six, Flores argues the trial court should have submitted an instruction on
felony murder, with the underlying felony being injury to a child. Felony murder is a lesser-included offense of capital murder. Threadgill v. State, 146 S.W.3d 654, 665 (Tex. Crim.
App. 2004). The difference between the two offenses is the culpable mental state. Id. 
Felony murder is an unintentional murder committed in the course of committing a felony. 
Id. In felony murder, the culpable mental state is supplied by the mental state accompanying
the underlying felony. Salinas, 163 S.W.3d at 741. For Flores to be entitled to a felony
murder instruction, there must be evidence that would permit the jury to rationally find he
had the intent to injure the children but not to cause their deaths. See Threadgill, 146 S.W.3d
at 665. 

 There is no evidence that Flores did not intend the babies' deaths when he stood on
E.B.'s abdomen. See generally Fuentes v. State, 991 S.W.2d 267, 272-73 (Tex. Crim. App.
1999). When E.B. returned from her doctor's appointment on April 30, 2004, she told Flores
she wanted to end the pregnancy. She testified she asked Flores quite a few times to help her
get rid of the babies by stepping on her stomach. Flores stated he refused at first, but E.B.
continued to ask him. Between April 30, 2004, the date of E.B.'s last doctor's visit, and May
7, 2004, the date of delivery, Flores stood on her stomach twice. Flores explained he put his
hand on top of the drawer, put a hand on the wall, and then stepped up onto her stomach. 
The record does not establish that Flores stepped on E.B.'s abdomen for any purpose other
than that of causing the deaths of the unborn children. The trial court did not err in refusing
an instruction on felony murder. 

 In issues seven and eight, Flores challenges the refusal to submit instructions for
criminally negligent homicide and deadly conduct. We find no evidence in the record that
Flores failed to perceive the risk involved in his conduct. See, e.g., Stadt v. State, 182
S.W.3d 360, 364 (Tex. Crim. App. 2005). Appellant's argument was, in part, that E.B. asked
him to help her end the pregnancy. The death of the babies was the purpose of his conduct,
even if requested by E.B. He was not entitled to an instruction on criminally negligent
homicide or deadly conduct. 

 Furthermore, even if the requested instructions were supported by the evidence, not
every failure to submit a requested instruction constitutes harmful error. See Masterson v.
State, 155 S.W.3d 167, 171-72 (Tex. Crim. App. 2005), cert. denied, __ U.S. __, 126 S.Ct.
1330, 164 L.Ed.2d 47 (2006). Any error in refusing the requested instructions in this case
was harmless given the charge submitted. The trial court submitted not only a capital murder
instruction, but also instructions on manslaughter and injury to a child. The jury did not find
the lesser-included offense of manslaughter, nor did the jury find the offense of injury to a
child. If the jury believed appellant acted recklessly, and not intentionally, manslaughter was
an option for the jury. See Tex. Pen. Code Ann. § 19.04 (Vernon 2003). If the jury believed
his conduct was not the cause of the twins' deaths, injury to a child was an option. See Tex.
Pen. Code Ann. § 22.04 (Vernon Supp. 2006). "[T]he harm from denying a lesser offense
instruction stems from the potential to place the jury in the dilemma of convicting for a
greater offense in which the jury has reasonable doubt or releasing entirely from criminal
liability a person the jury is convinced is a wrongdoer." Masterson, 155 S.W.3d at 171
(footnote omitted). Neither of the other two offenses submitted to the jury was the least
plausible theory under the evidence. See id. The jury's rejection of manslaughter and injury
to a child indicates that the jury legitimately believed that the defendant was guilty of the
greater, charged offense. See id. at 171-72.

 Likewise, any error in failing to submit the requested instructions on aggravated
assault and assault was also harmless, given the inclusion in the charge of the manslaughter
and the injury-to-a-child options the jury rejected. See Guzman v. State, 188 S.W.3d 185, 
194 n.20 (Tex. Crim. App. 2006). Issues six, seven, eight, nine, and ten are overruled. 

 In issues eleven, twelve, and thirteen Flores challenges the trial court's denial of his
motion to suppress statements he made during interviews with the police. When the
statements were offered at trial, appellant affirmatively stated he had no objection to their
admission into evidence. Generally, when a motion to suppress is overruled, a defendant
need not object at trial to the same evidence in order to preserve error for appellate review. 
See Ebarb v. State, 598 S.W.2d 842, 843 (Tex. Crim. App. 1979). However, when the
defendant affirmatively asserts during trial that he has "no objection" to the admission of the
evidence, he waives any error in the admission of the evidence, despite the pre-trial ruling. 
Harris v. State, 656 S.W.2d 481, 484 (Tex. Crim. App. 1983). Issues eleven, twelve, and
thirteen are overruled.

 The judgment of the trial court is affirmed. 

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on October 12, 2006

Opinion Delivered January 24, 2007

Publish 


Before Gaultney, Kreger, and Horton, J.J.



 
1. Flores also states section 19.03(a)(8) of the Penal Code is unconstitutional, but his
argument is directed at sections 19.06 and 1.07(a)(26). See Tex. Pen. Code Ann. §
19.03(a)(8) (Vernon Supp. 2006).
2. Appellant makes no argument and cites no authority suggesting the state constitution
should be given broader effect than the federal constitutional provision. We therefore
address the state and federal constitutional arguments in issues one and two together. See
Henderson v. State, 962 S.W.2d 544, 561 n.16 (Tex. Crim. App. 1997); see generally Bell
v. Low Income Women of Tex., 95 S.W.3d 253, 266 (Tex. 2002) ("[T]he federal analytical
approach applies to equal protection challenges under the Texas Constitution."). 
3. Appellant presented no evidence that the prosecutor's decision to charge him with
capital murder was exercised in an arbitrary or discriminatory manner.
4. On appeal, appellant also objects to the admission of evidence regarding doors inside
the house that appear to have been punched or kicked in. Appellant agreed to the admission
of the evidence at trial. Therefore, any error is waived. See Tex. R. App. P. 33.1.