**Terence Chadwick LAWRENCE,**
**Appellant**

v.

**The STATE of Texas.**

**No. PD–0236–07.**

Court of Criminal Appeals of Texas.

Nov. 21, 2007.

John G. Tatum, Richardson, for appellant.

Amy Sue Melo Murphy, Asst. D.A., Dallas, Jeffrey L. Van Horn, State's Attorney, Austin, for state.

## OPINION

KELLER, P.J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

The issue in this case is whether the provisions of the Texas Penal Code that prohibit the murder of an unborn victim violate due process. The answer is "no." Consequently, we shall affirm the judgment of the court of appeals.

## I. BACKGROUND

### A. Trial

Viewed in the light most favorable to the verdict, the evidence shows that appellant dated Antwonyia Smith and another woman during the summer of 2004. Upon learning that Smith was pregnant with his child, he told the other girlfriend that he would "take care of" the problem. He then shot Smith three times with a shotgun, causing her death and the death of her four-to-six week old embryo.

Appellant was charged with capital murder for intentionally or knowingly killing Ms. Smith and her unborn child. Before trial, appellant filed a motion to quash the indictment, arguing that both the statute and indictment were unconstitutional. The trial court denied the motion. At trial, the State argued that appellant intentionally or knowingly shot Ms. Smith three times with a shotgun, causing the death of both her and her approximately four-to-six-week-old embryo. Appellant was convicted of capital murder and sentenced to life in prison.

### B. Appeal

Appellant complained on direct appeal that the trial court erred in denying the motion to quash the indictment. The

court of appeals affirmed the judgment of the trial court, holding that the statute and indictment pass constitutional muster.[1] On discretionary review to this Court, appellant raises two grounds for review, comprising three distinct arguments.

## II. ANALYSIS

### A. Void for Vagueness

■■■ Appellant first argues that the definition of an "individual" in the statute under which he was prosecuted is void for vagueness.

When reviewing a trial court's decision to deny a motion to quash an indictment, we apply a *de novo* standard of review.[2] Whenever we consider the constitutionality of a statute, we begin with the presumption that the legislature has not acted unconstitutionally.[3]

■■■ A statute is void for vagueness if it fails to define the criminal offense "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not permit arbitrary and discriminatory enforcement."[4] If, as in this case, a statute does not substantially implicate constitutionally protected conduct or speech, it is valid unless it is "impermissibly vague in all

applications" or as applied to the defendant.[5]

■■■ Under the Texas Penal Code, a person commits capital murder if he intentionally or knowingly causes the death of "more than one person ... during the same criminal transaction."[6] A "person" includes an "individual."[7] The Penal Code in turn defines an "individual" as "a human being who is alive, including an unborn child at every stage of gestation from fertilization until birth."[8] It follows from these provisions that a person who intentionally or knowingly causes the death of a woman and her unborn child, at any stage of gestation, commits capital murder. The statute exempts conduct committed by a woman who chooses to terminate her own pregnancy or a health care provider performing an abortion on a consenting patient.[9]

By expressly defining capital murder such that one of the victims may be any unborn child from fertilization throughout all stages of gestation, the statute leaves no ambiguity as to what conduct is proscribed. In particular, the plain language of the statute prohibits the intentional or knowing killing of *any* unborn human, regardless of age. No ordinary person reading the statute would have any doubt as to

1. *Lawrence v. State*, 211 S.W.3d 883, 884–85 (Tex.App.-Dallas 2006).

2. *See State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim.App.2004) ("When the resolution of a question of law does not turn on an evaluation of the credibility and demeanor of a witness, then the trial court is not in a better position to make the determination, so appellate courts should conduct a *de novo* review of the issue.... The trial court's decision in this case was based only on the indictment, the motion to quash, and the argument of counsel, so the trial court was in no better position than an appellate court to decide this issue.").

3. *See Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex.Crim.App.2002); *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex.Crim.App.1978).

4. *State v. Holcombe*, 187 S.W.3d 496, 499 (Tex.Crim.App.2006).

5. *Id.*

6. Tex.Pen.Code §§ 19.02(b)(1), 19.03(a)(7)(A).

7. *Id.* § 1.07(a)(38).

8. *Id.* § 1.07(a)(26).

9. *Id.* § 19.06.

whether it encompasses victims at all stages of gestation.

Appellant argues, however, that it would be scientifically impossible to know whether the embryo that was extracted from Ms. Smith's body after her death either "was alive" or "would survive." In support of this argument, appellant asserts that, given its stage of development, the embryo had a thirty percent chance of dying as the result of a miscarriage.[10]

■■■ But this kind of argument cannot show that a trial judge erred in denying a motion to quash an indictment. Such a motion, like any pre-trial motion, cannot be used to "argue that the prosecution could not prove one of the elements of the crime."[11] That is, a pre-trial proceeding should not be a " 'mini-trial' on the sufficiency of the evidence to support an element of the offense."[12]

Because appellant raised his void-for-vagueness challenge in a motion to quash the indictment, it is immaterial whether a miscarriage, rather than the shooting, might have been the real cause of death. The jury was charged with determining whether appellant had intentionally or knowingly caused the death of the embryo beyond a reasonable doubt. The jury found that he had. By implicitly disputing this finding, appellant is actually attacking the sufficiency of the State's evidence to support the result element of the charged offense. Such an attack on the evidence cannot support the granting of a motion to quash the indictment on the grounds that the statute was impermissibly vague.[13]

In sum, we hold that, because the statute in question clearly specifies who constitutes an "individual," the statute is not impermissibly vague.

## B. Notice

■■■ Second, appellant argues that the indictment failed to provide him with constitutionally sufficient notice.

A criminal defendant has a right to notice under the United States and Texas Constitutions.[14] To satisfy this notice requirement, an indictment must be "specific enough to inform the accused of the nature of the accusation against him so that he may prepare a defense."[15] An indictment is generally sufficient as long as it tracks the language of a penal statute that itself satisfies the constitutional requirement of notice.[16]

■■■ In this case, the indictment alleged that appellant

did unlawfully then and there intentionally and knowingly cause the death of an individual, to-wit: ANTWONYIA SMITH, by shooting ANTWONYIA SMITH with a firearm, a deadly weapon, and during the same criminal transaction said defendant did then and there intentionally and knowingly cause the death of another individual, to-wit: an unborn child of ANTWONYIA SMITH while said unborn child was in gestation of said ANTWONYIA SMITH.

The indictment language describing the embryo precisely tracks the applicable

---

10. We express no view on the accuracy of these medical propositions.

11. *Woods v. State*, 153 S.W.3d 413, 415 (Tex. Crim.App.2005).

12. *Id.*

13. We refused review of the court of appeals' holding that the evidence was sufficient.

14. U.S. Const. amend. VI; Tex. Const. art. I, § 10.

15. *Moff*, 154 S.W.3d at 601.

16. *See State v. Mays*, 967 S.W.2d 404, 406 (Tex.Crim.App.1998).

statutory language.[17] Just as the statute provides notice to the ordinary citizen of what conduct is prohibited, the indictment provided notice of the offense with which appellant was being charged so that he could prepare a defense. Having held that the statute is not unconstitutionally vague for the reasons stated above, we consequently hold that the indictment provided adequate notice to appellant.

## C. Substantive Due Process

Finally, appellant argues that the statute under which he was charged violates the substantive component of the Due Process Clause of the United States Constitution as the Supreme Court has interpreted it in the line of abortion cases beginning with *Roe v. Wade*.[18] In particular, appellant argues that prosecuting him for intentionally or knowingly killing the embryo violated substantive due process because the embryo had not yet reached "viability"—that is, the ability to survive outside the womb. Appellant focuses on viability because the Supreme Court has held that prohibitions on abortion before viability lack a "compelling state interest" and are thus unconstitutional.[19]

The reasoning articulated in *Roe* and its progeny for affording substantive due process protection to the decision to have an abortion presupposes that the mother *wants* to have an abortion.[20] Only then will a statute implicate a woman's liberty interest in exercising the choice to do so. It follows that the *Roe* framework—including the "compelling state interest" test—has no application to a case that does not involve the pregnant woman's liberty interest in choosing to have an abortion.

The instant case implicates no such liberty interest. The State was prosecuting a third party who ended the life of the embryo by fatally shooting the mother. The "compelling state interest" test, along with the accompanying "viability" threshold, has no application to a statute that prohibits a third party from causing the death of the woman's unborn child against her will.

The Supreme Court has emphasized that states may protect human life not only once the fetus has reached viability but "from the outset of the pregnancy."[21] In the absence of a due process interest triggering the constitutional protections of *Roe*, the Legislature is free to protect the

17. Tex. Pen.Code § 1.07(a)(26).

18. 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). Appellant also contends that the statute and indictment violate the Equal Protection Clause of the Fourteenth Amendment. Because appellant did not raise this objection on appeal to the court of appeals or in his Petition for Discretionary Review, we do not address it today.

19. *See Gonzales v. Carhart,* —— U.S. ——, 127 S.Ct. 1610, 1626, 167 L.Ed.2d 480 (2007) ("Before viability, the State's interests are not strong enough to support a prohibition of abortion or the imposition of a substantial obstacle to the woman's effective right to elect the procedure." (quoting *Planned Parenthood of Se. Pa. v. Casey,* 505 U.S. 833, at 846, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992) (plurality opinion))).

20. *See Maher v. Roe,* 432 U.S. 464, 473–74, 97 S.Ct. 2376, 53 L.Ed.2d 484 (1977) ("[T]he right in *Roe v. Wade* can be understood *only* by considering both the *woman's interest* and the nature of the State's interference with it." (emphasis added)); *Roe v. Wade,* 410 U.S. at 177, 93 S.Ct. 705 ("Th[e] right of privacy, ... founded in the Fourteenth Amendment's concept of personal liberty and restrictions upon state action ..., is broad enough to encompass a *woman's decision* whether or not to terminate her pregnancy." (emphasis added)).

21. *Carhart,* 127 S.Ct. at 1626 ("[T]he State has legitimate interests from the outset of the pregnancy in protecting the health of the woman and the life of the fetus that may become a child."); *see also Coleman v. De-Witt,* 282 F.3d 908, 912 (6th Cir.2002) ("The Court's creation of this right under the Fourteenth Amendment was not ... a determina-

lives of those whom it considers to be human beings.[22] This is a policy decision that is properly reserved to the democratic process, and should not be subject to judicial second-guessing.[23]

For the above reasons, we cannot agree with appellant's position that the statute under which he was indicted violated substantive due process.[24]

We affirm the judgment of the court of appeals.

JOHNSON, J., filed a concurring opinion.

COCHRAN, J., filed a concurring opinion in which HOLCOMB, J., joined.

JOHNSON, J., filed a concurring opinion.

I concur in the judgment of the Court for the reasons stated in Judge Cochran's concurring opinion. The statute challenged by appellant is neither void for vagueness nor deficient in notice, thus it is not facially unconstitutional. That is not to say, however, that the statute could not be unconstitutional as applied. In this case, it is clear that appellant knew that his victim was pregnant, that he killed her because she was pregnant, and that he intended to kill the fetus. However, it is easy to foresee that there will be cases involving the stranger-on-stranger murder

---

tion that the state has no prescriptive interest in matters involving the unborn. Quite to the contrary, the Court in *Roe* recognized that the state had important interests in protecting fetal life." (citing *Roe*, 410 U.S. at 162–62, 93 S.Ct. 705)).

**22.** See *Carhart*, 127 S.Ct. at 1633 ("The government may use its voice and its regulatory authority to show its profound respect for the life within the woman."); *Webster v. Reprod. Health Servs.*, 492 U.S. 490, 503, 109 S.Ct. 3040, 106 L.Ed.2d 410 (1989) ("*Roe v. Wade* 'implies no limitation on the authority of a State to make a value judgment favoring childbirth over abortion ....' " (quoting *Maher v. Roe*, 432 U.S. at 474, 97 S.Ct. 2376)).

**23.** See *Poelker v. Doe*, 432 U.S. 519, 97 S.Ct. 2391, 53 L.Ed.2d 528 (1977) ("[T]he Constitution does not forbid a State or city, pursuant to democratic processes, from expressing a preference for normal childbirth....").

**24.** Numerous decisions of other appellate courts, including Texas courts of appeals and courts of other jurisdictions, are in accord with our holdings on both the void-for-vagueness question, *see, e.g., Smith v. Newsome*, 815 F.2d 1386, 1387–88 (11th Cir.1987); *People v. Davis*, 7 Cal.4th 797, 30 Cal.Rptr.2d 50, 872 P.2d 591, 598–99 (1994); *Brinkley v. State*, 253 Ga. 541, 322 S.E.2d 49, 51–53 (1984); *State v. Merrill*, 450 N.W.2d 318, 324 (Minn. 1990); *State v. Alfieri*, 132 Ohio App.3d 69, 724 N.E.2d 477, 483 (1998), *appeal dismissed,*

85 Ohio St.3d 1477, 709 N.E.2d 849 (1999); *Commonwealth v. Bullock*, 590 Pa. 480, 913 A.2d 207, 212–13 (2006); *State v. MacGuire*, 84 P.3d 1171, 1177 (Utah 2004); *People v. Ford*, 221 Ill.App.3d 354, 163 Ill.Dec. 766, 581 N.E.2d 1189, 1200–02 (1991); *Flores v. State*, 215 S.W.3d 520, 527–28 (Tex.App.-Beaumont 2007), *pet. granted,* and the question of consistency with *Roe v. Wade, see, e.g., Coleman*, 282 F.3d at 911–13; *Smith*, 815 F.2d at 1388; *Davis*, 872 P.2d at 599; *Brinkley*, 322 S.E.2d at 53; *Merrill*, 450 N.W.2d at 324; *Alfieri*, 724 N.E.2d at 483; *Flores*, 215 S.W.3d at 526. Indeed, we have found no case from any state supreme court or federal court that has struck down a statute prohibiting the murder of an unborn victim, and appellant cites none.

In addition, scholarly commentary has defended the constitutionality of statutes like the one in this case. *See, e.g.*, Daniel J.H. Greenwood, *Beyond Dworkin's Dominions: Investments, Memberships, the Tree of Life, and the Abortion Question*, 72 Tex. L.Rev. 559, 589 & n. 137 (1994) (book review); Jeffrey A. Parness, *Pregnant Dads: The Crimes and Other Misconduct of Expectant Fathers*, 72 Or. L.Rev. 901 (1993); Michael S. Robbins, *The Fetal Protection Act: Redefining "Person" for the Purposes of Arkansas' Criminal Homicide Statutes*, 54 Ark. L.Rev. 75 (2001); Alison Tsao, Note, *Fetal Homicide Laws: Shield Against Domestic Violence or Sword to Pierce Abortion Rights?*, 25 Hastings Const. L.Q. 457 (1998).

of a woman who is in the early stages of pregnancy and who would not appear to be pregnant to even a careful observer. In such a case, the statute may be unconstitutional as applied because the defendant did not have actual knowledge of the pregnancy and could not, therefore, have intended the death of the fetus. Because the opinion of the Court does not limit its finding that the statute is constitutional to facial constitutionality, I concur in the judgment only.

COCHRAN, J., filed a concurring opinion in which HOLCOMB, J., joined.

I join the majority opinion. I add these comments only to emphasize that this is a case in which the State was required to prove that appellant specifically intended to kill both Antwonyia Smith and her four-to-six-week-old embryo.

The indictment in this case alleged that appellant did

> unlawfully then and there intentionally and knowingly cause the death of an individual, to-wit: Antwonyia Smith, by shooting [Smith] with a firearm, a deadly weapon, and during the same criminal transaction [appellant] did then and there *intentionally and knowingly cause the death of another individual, to-wit: an unborn child of [Smith],* by shooting [Smith], while said unborn child was in gestation of said [Smith].

(emphasis added). Because the State offered sufficient evidence to prove, beyond a reasonable doubt, that appellant both 1) knew that Antwonyia was carrying an unborn child and 2) intended to kill that unborn child, the Court properly rejects appellant's "void for vagueness" and "due process" claims.