Petition for Writ of Mandamus Denied and
Memorandum Opinion filed November 18, 2010.

 

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-01073-CR



In Re Thomas Florence,
Relator



 



ORIGINAL PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
 OPINION

On November 3, 2010, relator Thomas Florence filed petition
for writ of mandamus in this court.  See Tex. Gov’t Code Ann. §22.221; see
also Tex. R. App. P. 52.  In the petition, relator asks this court to
compel the Honorable Lonnie Cox, presiding judge of the 56th District Court in
Galveston County, to rule on unidentified motions, petitions, and written
requests concerning his indictment for sexual assault, pending under cause
number 10CR1217.  

To
be entitled to mandamus relief, a relator must show that he has no adequate
remedy at law to redress his alleged harm, and what he seeks to compel is a
ministerial act, not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

Consideration of a motion that is properly filed and
before the court is a ministerial act. State ex rel. Curry v. Gray, 726
S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding).  A relator must
establish the trial court (1) had a legal duty to rule on the motion; (2) was
asked to rule on the motion; and (3) failed to do so.  In re Keeter, 134
S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); In re Villarreal,
96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (relator must
show that trial court received, was aware of, and was asked to rule on motion).
 

Relator
asserts that he seeks a ruling from the trial court on his claims that the
allegations in the indictment against him are false and there is no evidence to
support them.  In the pretrial setting, there is neither constitutional nor
statutory authority for a defendant to test, or for a trial court to determine,
the sufficiency of evidence to support or defeat an element alleged in the
indictment.  See Woods v. State, 153 S.W.3d 413, 415 (Tex. Crim. App.
2005).  A motion to quash, like any pretrial motion, cannot be used to argue
that the prosecution is unable to prove one of the elements of the crime.  Lawrence
v. State, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007); Woods, 153
S.W.3d at 415.  Therefore, it does not appear that the trial court would have a
legal duty to rule on the motions.  

Moreover, relator has not provided this court with
copies of the motions on which he seeks a ruling.  It is relator’s burden to
provide this court with a record sufficient to establish his right to relief.  Walker
v. Packer, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(k),
52.7(a).  He has not established that the motions were properly filed and that
the trial court was asked to rule on them but failed to do so.  

 

 

Accordingly, relator’s petition is denied.

 

                                                                        PER
CURIAM

 

Panel consists of Chief Justice Hedges and Justices Yates and Frost.

Do Not Publish — Tex. R. App. P. 47.2(b).