In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00130-CR
_____

ROBERT WILLIAM COLLINS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause No. 11-04-04419 CR

**MEMORANDUM OPINION**

A jury convicted Robert William Collins of continuous sexual abuse of a child, and the trial court sentenced Collins to forty years in prison. In a single appellate issue, Collins challenges the introduction of evidence obtained during an alleged custodial interrogation. We affirm the trial court's judgment.

Collins, accused of sexually assaulting his daughter, filed a motion to suppress evidence obtained during an interrogation. At a hearing outside the jury's presence, Sergeant J.D. Thomas testified that he interviewed Collins in an office-size room. Thomas testified that he has been told the interview process can be coercive, but he

1

testified that Collins was not in custody, that he gave *Miranda* warnings to Collins, that he told Collins that he was free to leave at any time, and that Collins left the room unsupervised on several occasions. He explained that the interview became an interrogation after Collins took a polygraph test and Thomas accused Collins of lying. Thomas told Collins that they would stay as long as needed for Collins to tell the truth. He testified that another officer was present and told Collins that he would not be arrested that day. Thomas testified that Collins eventually confessed and drew some diagrams of the offense. Thomas believed the interview lasted just over four hours, and he testified that Collins was not arrested after his confession.

Collins testified that Thomas told him he was free to leave, but that Thomas asked more questions every time Collins tried to leave the room. He testified that he does not know what a *Miranda* warning is and he did not recall Thomas discussing certain warnings. He did not believe that he could leave until he told Thomas what he wanted to hear. He admitted voluntarily meeting Thomas and testified that he was not placed in handcuffs or placed in a jail cell, was not verbally or physically threatened, and left unsupervised. He admitted leaving the room for a restroom break and returning of his own accord. He testified that he was kept against his will, he confessed to what Thomas wanted to hear, and his statement was coerced.

After the hearing, the trial court denied Collins's motion to suppress. Thomas subsequently testified before the jury, during which he again testified that Collins

voluntarily came to Thomas's office and was not in custody when he admitted sexually abusing his daughter. Thomas testified that Collins had not eaten that day and, once during the interview, Collins requested a restroom break, but Thomas kept Collins for a few minutes before Collins left the room. He reiterated that he had advised Collins of his rights and explained that he could leave at any time, that Collins was not threatened or placed in handcuffs, and that Collins freely left the room unsupervised and returned of his own accord. Detective Ken Bivens testified that no coercion or threats occurred in the interview room and that he told Collins that he would not be arrested that day. He testified that Collins was free to leave and that he even offered Collins a ride. The State also admitted Collins's diagrams into evidence.

On appeal, Collins contends that Thomas's testimony and the diagrams were products of a custodial interrogation and should not have been admitted into evidence at trial. Generally, when the trial court overrules a motion to suppress, the defendant need not object at trial to the same evidence to preserve error for appellate review. *Flores v. State*, 215 S.W.3d 520, 531 (Tex. App.—Beaumont 2007), *aff'd*, 245 S.W.3d 432 (Tex. Crim. App. 2008). However, if the defendant affirmatively asserts that he has "no objection" to the admission of the evidence, he waives any error in its admission. *Id.* In this case, when the State moved to admit the two diagrams into evidence, Collins stated that he had "[n]o objection." Therefore, any complaint regarding admission of the diagrams into evidence is not preserved for appellate review. *See id.*

3

As for whether Collins's confession resulted from a custodial interrogation, there are four general situations that may constitute custody: (1) the suspect is physically deprived of his freedom of action in any significant way; (2) an officer tells the suspect he is not free to leave; (3) officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted; and (4) probable cause exists to arrest the suspect and officers do not tell the suspect he is free to leave. *Gardner v. State*, 306 S.W.3d 274, 294 (Tex. Crim. App. 2009). In this case, Collins voluntarily met with Thomas, Collins received *Miranda* warnings, Thomas told Collins that he was free to leave, Collins was not physically restrained or threatened, Collins took unsupervised breaks, and when the interview concluded, Collins left without police supervision or an arrest. Under these circumstances, we conclude that Collins failed to sustain his burden of showing that he was in custody when Thomas obtained Collins's confession. *See id.* The trial court did not abuse its discretion by admitting Thomas's testimony into evidence. We overrule Collins's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on January 3, 2013
Opinion Delivered January 23, 2013
Do Not Publish
Before McKeithen, C.J., Gaultney and Horton, JJ.

4