

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00222-CR

FREDERIC SCOTT YOC-H, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Criminal Court No. 4
Denton County, Texas
Trial Court No. CR-2011-01086-D, Honorable Joe Bridges, Presiding

April 28, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Frederic Scott Yoc-H, was charged with the offense of criminal trespass[1] and entered a plea of guilty, pursuant to a plea bargain, following the trial court's denial of his motion to quash the complaint and information, or, in the alternative, to enter an acquittal. Under the terms of the plea bargain, appellant retained the right to appeal the trial court's pretrial ruling and, accordingly, brings forth a single issue on appeal. Appellant contends that section 30.05(a)(1) of the Texas Penal Code, as

---

[1] See TEX. PENAL CODE ANN. § 30.05(a)(1) (West Supp. 2013).

applied, violates his rights to due process as protected in the Fourteenth Amendment to the United States Constitution. *See* U.S. CONST. amend. XIV; TEX. PENAL CODE ANN. § 30.05(a)(1). We will affirm.

Factual and Procedural Background

Appellant previously worked at Texas Woman's University (TWU) as a grill cook. In November of 2010, appellant was questioned by the Denton Police Department as part of an ongoing investigation involving allegations regarding a sexual assault. Subsequently, appellant was terminated by TWU. Thereafter, on November 16, 2010, a document was prepared by Officer Vince Oldag of the TWU Police Department which, upon its face, advised appellant that he was not to be on the property of TWU under penalty of criminal trespass. However, appellant did not sign this document and his name, which is printed on the document, is misspelled. On that same day, Lieutenant Kenneth Adams, of the TWU patrol service, prepared and sent to appellant a letter which apprised him of the fact that he had been officially "trespassed" from TWU. This letter had attached to it the document executed by Oldag. The notice mailed by Adams was sent certified mail. The certified mail was delivered to the address where appellant lived, but the certificate of delivery was signed by appellant's sister.

On January 11, 2011, appellant was in the parking lot of a dormitory on the TWU campus, having returned his girlfriend to her dorm room. Appellant's car was parked in a handicapped parking spot. TWU patrol officer Dadra Bundick noticed appellant parked in a handicapped parking spot and questioned him. Upon receiving appellant's official Texas identification card, Bundick had a background check run on the name and

2

was informed by dispatch that appellant had received a "trespass notice" previously. Appellant was then arrested for criminal trespass.

At the hearing on appellant's pretrial motion, appellant provided the only testimony. He contends that he was never given an opportunity to respond to the notice of criminal trespass. However, he further testified that he did not know of the criminal trespass notice until his arrest. Appellant affirmatively denied receiving the notification from TWU; however, appellant further avers that this lack of notification is not the basis of his complaint. Rather, he contends the issuance of the "trespass notice" itself violates his due process rights. At the conclusion of the hearing, the trial court denied the motion.

Appellant subsequently entered into a plea agreement and, as a part of that agreement, appellant brings forth his appeal from the trial court's denial of his pretrial motion. For the reasons hereinafter set forth, we will affirm the judgment of the trial court.

Standard of Review and Applicable Law

The Due Process Clause of the United States Constitution provides that a State shall not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend XIV.

As an appellate court reviewing a trial court's decision to deny a motion to quash a complaint and information where the decision did not turn on a credibility determination, we apply a *de novo* standard of review. *See Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007). In considering the constitutionality of a

3

statute, we begin with the presumption that the legislature has not acted unconstitutionally. *Id.* The party who challenges the constitutionality of the statute on Due Process grounds has the burden of demonstrating the scheme's unconstitutionality. *See Anthony v. State*, 209 S.W.3d 296, 303 (Tex. App.—Texarkana 2006, no pet.) (citing *Lujan v. G & G Fire Sprinklers, Inc.,* 532 U.S. 189, 198, 121 S. Ct. 1446, 149 L. Ed. 2d 391 (2001), and *Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex. Crim. App. 1978) (en banc)).

Analysis

For purposes of our analysis we will assume, *arguendo*, that appellant had a protected liberty or property interest in being able to access TWU's property. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999). This then leads to a discussion of what evidence appellant, the party challenging the constitutionality of the statute on due process grounds, put forth to demonstrate that TWU's scheme was unconstitutional in its application to himself. *See Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002) (construing whether the application of the sex offender registration act operated as an unconstitutional *ex post facto* law under the United States and Texas constitutions).

Appellant provided the only testimony heard by the trial court. Appellant testified that he never received any written notification regarding being placed on notice that he had received a trespass warning from TWU. The singular purpose of his testimony was to demonstrate that he was placed under arrest for criminal trespass without any opportunity to contest the trespass notice allegedly sent him by TWU. However,

4

conspicuously missing from the testimony was any reference to what the process at TWU consisted of, or whether there was a process at TWU. Appellant seems to take the position that he does not know what the process is. While that may be true of appellant personally, that does not provide this Court with any information upon which to base a decision that the process was defective for purposes of a due process analysis. *See Anthony*, 209 S.W.3d at 303 (citing *Lujan,* 532 U.S. at 198, and *Granviel,* 561 S.W.2d at 511).

Appellant avers in his brief that "the official decision to permanently exclude [appellant] from TWU property was made by Oldag and Adams without affording [appellant] an opportunity to be heard." While this position is based upon the testimony of appellant at the hearing, there is nothing in the record to support the position other than appellant's personal knowledge that he was not told of any method to appeal and had no personal knowledge of a method of appeal. In fact, appellant testified that if there were a review process for individuals who had been given a criminal trespass warning, he would have no knowledge of it. Appellant seems to ask this Court to infer that there is no process from the fact that he has no personal knowledge of any process. However, we are not permitted to make such an inference. *See Rodriguez,* 93 S.W.3d at 69. In the absence of contrary evidence, we must continue to presume that the statute is constitutional as applied. *See id.* We are constrained to remember that this is not a situation where once appellant testifies that, he was not told of a method to challenge the trespass notice or appeal the trespass notice, the burden then shifts to the State to show that there was a method to challenge or appeal the notice. Rather, the burden is solely that of the appellant to demonstrate what the process is that

he claims is constitutionally infirm. *See Anthony*, 209 S.W.3d at 303 (citing *Lujan,* 532 U.S. at 198, and *Granviel,* 561 S.W.2d at 511). We have no information upon which we can base a decision to overturn the ruling of the trial court. Accordingly, appellant's issue is overruled.

## Conclusion

Having overruled appellant's single issue, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.