

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-77,110

### TAYLOR RENE PARKER, Appellant

### v.

### THE STATE OF TEXAS

### ON DIRECT APPEAL FROM CAUSE NO. 20F1345-202
### IN THE 202nd JUDICIAL DISTRICT COURT
### BOWIE COUNTY

WALKER, J., filed a concurring opinion in which SCHENCK, P.J., and RICHARDSON and PARKER, JJ., joined.

### <u>CONCURRING OPINION</u>

Today, this Court affirms Appellant's capital murder conviction. *See* Tex. Penal Code Ann. § 19.03(a)(2). I write separately to highlight an important distinction within the Penal Code regarding the two definitions for what constitutes an "individual." *See id.* §§ 1.07(a)(26), 20.01(5).

Appellant was convicted of capital murder under § 19.03(a)(2) for committing a

murder while committing or attempting to commit a kidnapping. *See id.* § 19.03(a)(2). Kidnapping falls under Chapter 20 of the Penal Code. *Id.* §§ 20.01–20.07. A person commits the offense of kidnapping when he "intentionally or knowingly abducts another person." *Id.* § 20.03(a). As the majority correctly notes, under the kidnapping provisions, a "person" is an "individual." Majority op. at 8; Tex. Penal Code Ann. § 20.01(4). The kidnapping statute further defines what is an "individual," specifically stating: "Notwithstanding Section 1.07, 'individual' means a human being who has been born and is alive." Tex. Penal Code Ann. § 20.01(5).

The term "notwithstanding" should be emphasized. Generally, notwithstanding means "in spite of" or "nevertheless." *Notwithstanding*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("1. Despite; in spite of . . . ; 2. Not opposing; not availing to the contrary"); *Notwithstanding*, Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/notwithstanding (last visited Oct. 16, 2025) (*Prep.* "despite"; *adv.* "nevertheless, however"; *conj.* "although"). Thus, the statute signals that *despite* the definition in § 1.07 of the code, an "individual" here, as applied only to the kidnapping statute, means a person that has been "born and is alive."

So, what does § 1.07 say, in that we should be ignoring it for kidnapping offenses? Section 1.07 contains definitions that apply to the entire code. *See* Tex. Penal Code Ann. § 1.07(a). A "person" still means an "individual." *Id.* § 1.07(a)(38). But an "individual" here is "a human being who is alive, *including an unborn child at every stage of gestation from fertilization until birth*." *Id.* § 1.07(a)(26) (emphasis added). This definition is very different from that in the kidnapping statute. Under the kidnapping statute, a person can

only commit an offense against another who has been born and is alive. On the other hand, for all other criminal offenses committed against an "individual," unless otherwise specially designated, the code covers individuals both "born and alive" as well as all "unborn children at every stage of gestation from fertilization until birth."

The effect of the separate definitions is critical. For example, a person commits the offense of murder when that person "intentionally or knowingly causes the death of an individual." *Id.* § 19.02(b)(1). Because an "individual" is not explicitly defined in the murder statute, it follows the overall Penal Code definition. In other words, a person commits murder when he intentionally or knowingly causes the death of "a human being who is alive, including an unborn child at every stage of gestation from fertilization until birth." *Id.* §§ 1.07(a)(26), 19.02(b)(1). The same construction can be said for the offense of manslaughter. *Id.* §§ 19.04(a); *see Brown v. State*, 303 S.W.3d 310, 318–19 (Tex. App—Tyler 2009, pet. ref'd) (upholding dual intoxication manslaughter convictions for causing death of pregnant mother and unborn child against a double jeopardy challenge). Even capital murder can be sustained for the death of a pregnant mother. *See* Tex. Penal Code Ann. § 19.03(a)(7)(A) ("the person murders more than one person . . . during the same criminal transaction"); *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007) ("It follows from these provisions that a person who intentionally or knowingly causes the death of a woman and her unborn child, at any stage of gestation, commits capital murder."); *see also, e.g.*, *Estrada v. State*, 313 S.W.3d 274, 279 (Tex. Crim. App. 2010) (citing §§ 19.03(a)(7)(A) and 1.07(a)(26), explaining that "Appellant was convicted of capital murder for murdering [a mother and her] thirteen-week-old unborn child."). But the

same cannot be said for kidnapping. Because of the plain language of § 20.01(5), an offender cannot be charged with two counts of kidnapping for abducting a pregnant mother. *See* Tex. Penal Code Ann. §§ 20.01(5), 20.03(a).

With this in mind, how do these two definitions impact this case? The State charged Appellant with capital murder for causing the death of Braxlynn's mother, while in the course of kidnapping or attempting to kidnap Braxlynn herself. Meaning, the evidence had to show Appellant kidnapped Braxlynn while she was born and alive and not in gestation. This makes the definition of "individual" under the kidnapping statute important here—it was arguably the most contested issue in the case.

Further, the kidnapping statute's definition of "individual" means we must set aside, for the purposes of the kidnapping question, the general definition of "individual" that says unborn children are people too. Because the statute limits which victims can be kidnapped, proof of Braxlynn having been born and alive was essential. If this had not been the case, if the State could have convicted Appellant for kidnapping or attempting to kidnap Braxlynn whether she was "born and alive" or still in gestation, then the issue of whether Braxlynn took her first breath would not have been determinative of the case. *See* Majority op. at 22–26. Taking this into account, the evidence was sufficient to show, Braxlynn was born and alive—undeniably a person and an individual. *Id.* Critically, one would not truly see the dichotomy without keying in on the word "notwithstanding," and how important that word really is to lawyers.

The bench and the bar are prone to home in on "trigger" words like "notwithstanding." Law school teaches perspective lawyers to be wary of these modifiers.

And it would be imprudent for a practitioner to see a definition that uses words like "notwithstanding" and not compare it to the referenced section. This is simple statutory construction. But while those who have studied the law are aware of these flags, it does not mean that members of the public are prone to that understanding as well.

The public may be better aided if the kidnapping statute more clearly signaled that its definition of an "individual" is not the same as the definition of an "individual" as it applies to the rest of the code. A more universally understood signal such as "despite" or "regardless of" could be useful. But an added explanation clarifying the difference between § 1.07(a)(26) and § 20.01(5) may be ideal. For example, the statute could read: "Despite the Section § 1.07 definition of an 'individual,' which includes unborn children at every stage of gestation from fertilization until birth, an 'individual' under this Chapter means only a human being who has been born and is alive." Regardless, until an update is made, we are bound to the comprehension of the term "notwithstanding." To make our holding today simple and to assist citizens in deconstructing these small but mighty distinctions, I write to emphasize the two definitions of an "individual" in the Penal Code.

All things considered, this Court is well-aware of the clear meaning of the Penal Code. Many criminal offenses can be committed against a person, including an unborn child—a child whose life begins at fertilization. Tex. Penal Code Ann. § 1.07(a)(26) ("at every stage of gestation from fertilization until birth"). Under the Penal Code, unborn children are individuals. But limiting its class of victims, per the kidnapping statute, a person can only kidnap an "individual" who is "born and alive." *Id.* § 20.03(a).

I concur with the Court's holding on the merits but write separately to make it

clear—for the benefit of the parties and the public alike—that in the Penal Code unborn children are individuals and therefore people too. For the record, I will also say that I strongly agree with the § 1.07(a)(26) definition of "individual." Yet, there lies a critical difference in the kidnapping statute's definition of an "individual" compared to that which we apply to the rest of the code.

Filed: November 6, 2025

Publish