

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00180-CR

Troy Shane **KNOWLES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Mason County, Texas
Trial Court No. 114647
The Honorable M. Rex Emerson, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Karen Angelini, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  March 20, 2013

AFFIRMED

A jury convicted Troy Shane Knowles of continuous sexual abuse of a young child and the trial judge sentenced him to fifty years confinement. Knowles appeals, asserting the trial court abused its discretion in determining who the proper outcry witness was, erroneously instructed the jury, and erred in denying Knowles's motion to quash the indictment. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Knowles was indicted for the offenses of continuous sexual abuse of a young child and aggravated sexual assault.[1] The evidence at trial established that during the summer of 2010, eleven-year-old K.S. was sexually abused by Knowles, her stepfather. Some of the acts occurred in their home when K.S.'s mother ("Mrs. Knowles") was not home, but most of the acts occurred while K.S. was helping Knowles on the trash route he drove three days a week. The sexual abuse happened almost every time K.S. went with Knowles on the trash route and twice on most days, so that as many as seventy-two acts of abuse may have occurred during that summer.

In February 2011, K.S. told a seventeen-year-old friend in a text message that Knowles had sexually assaulted her. The friend told his mother, who then contacted Child Protective Services. Soon thereafter, CPS caseworker Susan Neal called K.S. out of class at school and briefly discussed the allegations with her. Mrs. Knowles was called to the school and Neal and K.S. told her the allegations. K.S. and Mrs. Knowles then went to the sheriff's office, where K.S. was given a sheet of paper and asked to make a written statement. While K.S. was writing the statement, she told her mother further details about the abuse.

The continuous sexual abuse count of the indictment alleged that from on or about June, 1 through August 4, 2010, Knowles, "during a period that was 30 days or more in duration, committed two or more acts of sexual abuse against" K.S., said acts of sexual abuse having been aggravated sexual assault.[2] A jury convicted Knowles of that offense, and the trial court sentenced him to fifty years in prison. Knowles timely appealed.

---

[1] The State withdrew Count II, the aggravated sexual assault count, during the outcry hearing and did not submit it to the jury.
[2] Three different acts of aggravated sexual assault were alleged to have occurred in two locations. It was alleged that Knowles intentionally or knowingly caused (1) the penetration of the female sexual organ of K.S. by his hand or portion thereof; (2) the penetration of K.S.'s mouth by his penis; and (3) his mouth to contact the female sexual organ of K.S. Each of these acts was alleged to have occurred in K.S.'s home and on the trash route.

## OUTCRY

Knowles first argues the trial court abused its discretion in allowing Mrs. Knowles to testify as the outcry witness because K.S. had previously made an outcry to Neal. The trial court held a hearing pursuant to article 38.072 of the Texas Code of Criminal Procedure, at which both Mrs. Knowles and Neal testified. At the conclusion of the hearing, the trial court ruled that Mrs. Knowles was the proper outcry witness as to Count I, continuous sexual abuse of a young child.

### *Applicable Law*

Article 38.072 provides that certain hearsay statements are admissible in the prosecution of certain offenses, including continuous sexual abuse of a young child. TEX. CODE CRIM. PROC. ANN. art. 38.072, § 1 (West Supp. 2012); *see* TEX. PENAL CODE ANN. §§ 21.02(b), (c)(4); 22.021 (West Supp. 2012). The admissible "outcry" statements are those "that describe the alleged offense" and (1) were made by the child against whom the offense was allegedly committed and (2) were made to the first person, eighteen years of age or older, other than the defendant, to whom the child made a statement about the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 § 2(a)(1), (2).

A proper outcry witness is the first adult to whom the complainant makes a statement that "in some discernible manner describes the alleged offense." *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). The statement "must be more than words which give a general allusion that something in the area of child abuse was going on." *Id.*; *Reed v. State*, 974 S.W.2d 838, 841 (Tex. App.—San Antonio 1998, pet. ref'd) (statement must be more than "a general allegation of sexual abuse"). Moreover, the child victim's statement to the outcry witness must describe the alleged offense, not just any offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a)(1)(A).

We review the trial court's determination that an outcry statement is admissible under article 38.072 for abuse of discretion. *Garcia*, 792 S.W.2d at 92. "[A] trial court has broad discretion in determining the admissibility of such evidence. The exercise of that discretion will not be disturbed unless a clear abuse of discretion is established by the record." *Id.* at 92. A trial court abuses its discretion if no reasonable view of the record could support the trial court's ruling. *Riley v. State*, 378 S.W.3d 453, 458 (Tex. Crim. App. 2012) (reviewing motion for new trial for ineffective assistance of counsel). This deferential standard of review requires us to view the evidence in the light most favorable to the trial court's ruling and not substitute our judgment for that of the trial court. *Id.* We must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Id*.

### Discussion

Neal testified at the outcry hearing that K.S. did not tell her what specific acts occurred, or when, where, or how many times they occurred. On cross-examination, Neal testified that K.S. told her "it started happening some time ago" and it always happened when her mother was not present, either while K.S. was on the trash route or at home. Neal testified she asked K.S. if penetration occurred and, after Neal explained what penetration meant, K.S. said it had occurred, but no further explanation was elicited. Neal also testified that K.S. told her Knowles made her take her clothes off and get completely naked.[3]

Mrs. Knowles testified that when she arrived at the school, K.S. gave her only minimal details. It was not until they were at the sheriff's office, as K.S. discussed the written statement she was preparing with her mother, that K.S. provided specific details to Mrs. Knowles about

---

[3] The night before the outcry hearing, the trial court, with the agreement of the parties, reviewed the audio recording of Neal's initial interview of K.S. At the hearing, the trial court took judicial notice of the recording. However, the recording was not marked as an exhibit or introduced into evidence and was not filed in the trial court. It is not contained in the record before this court.

what happened. K.S. told her mother where they were living when the abuse began approximately a year earlier, and that it continued throughout the time that K.S. went on the trash route with Knowles. The abuse K.S. related included the allegation that Knowles made her put her mouth on his private area a couple of times each day when she went to work on the trash route with Knowles.

From this evidence, the trial court reasonably could have concluded K.S.'s statements to Neal that Knowles penetrated her and forced her to disrobe do not constitute statements that in some discernible manner describe the offense alleged against Knowles in Count I of the indictment. Those statements do not describe any of the alleged acts and give no indication of the continuing nature and duration of the acts, both of which are required elements of the alleged offense. The trial court reasonably could conclude that K.S.'s statements to Neal constituted nothing more than words that gave a general allusion that something in the area of child abuse was going on. *See, e.g., Robinett v. State*, 383 S.W.3d 758, 762 (Tex. App.—Amarillo 2012, no pet.) (girls' statements that accused touched their privates, and made them touch his, did not refer to alleged offense of oral-penile contact); *Shaw v. State*, 329 S.W.3d 645, 653 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (statement that accused got victim pregnant, although it could raise inference of penetration, did not clearly describe alleged offense that appellant penetrated victim's sexual organ); *Reyes v. State*, 274 S.W.3d 724, 727–28 (Tex. App.—San Antonio 2008, pet. ref'd) (where victim just acknowledged abuse without detail to first person but provided details of allegations to second person, second was proper outcry witness); *Carty v. State*, 178 S.W.3d 297, 300–01, 306 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (child did not describe offense of penetrating the child's sexual organ when child said appellant was molesting her); *but see Nino v. State*, 223 S.W.3d 749, 753 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (child described offense of aggravated sexual assault when he said defendant

"made me suck it" and indicated his penis); *Reed*, 974 S.W.2d at 841 (child described offense of indecency with a child when she said defendant touched her between legs and underneath her bathing suit).

On the other hand, the trial court reasonably could have concluded K.S.'s statements to Mrs. Knowles, although not descriptive of all the acts alleged in Count I, specifically described some of those acts and first provided information on the continuous nature and temporal element of the offense. Those statements constituted "more than words which give a general allusion that something in the area of child abuse was going on." *See Garcia*, 792 S.W.2d at 91. K.S.'s statements in some discernible manner described not just any offense, but the offense alleged in Count I of the indictment.

After reviewing the evidence in the light most favorable to the trial court's ruling, we conclude the trial court's determination that Mrs. Knowles was a proper outcry witness for the offense in Count I of the indictment is within the zone of reasonable disagreement and the court did not clearly abuse its discretion in so finding. We overrule Knowles's first issue.

### JURY CHARGE

Knowles argues paragraph III of the jury charge erroneously permitted the jury to find him guilty by finding he committed two or more acts of sexual abuse, even if the acts occurred less than thirty days apart. He argues the instruction denies him due process and violates the requirement that an accurate, written charge be given. The State disagrees, contending there is no error in the court's charge and that Knowles's proposed instruction improperly restricted the State's theories of liability.

Paragraph I of the charge stated the Penal Code provision regarding continuous sexual abuse of a young child nearly verbatim. *See* TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2012). In paragraph III, the jury was instructed:

> In order to find the defendant guilty of the offense of continuous sexual abuse of a young child, you are not required to agree unanimously on which specific alleged acts of sexual abuse were committed by the defendant or the exact dates when those acts were committed. However, in order to find the defendant guilty of the offense of continuous sexual abuse of a young child, you must agree unanimously beyond a reasonable doubt, that *the defendant, during a period that is 30 or more days in duration, beginning on or after June 1, 2010 and through August 4, 2010, committed two or more acts of sexual abuse* as alleged in the indictment.

(Emphasis added). Paragraph IV, the application paragraph, provided in part that the jury should convict if it believed Knowles "*on or about June 1, 2010 through August 4, 2010,* in Mason County, Texas, *during a period that was 30 days or more in duration, intentionally or knowingly committed two or more acts of sexual abuse* against [K.S.] …." (emphasis added).

At the charge conference Knowles submitted a proposed instruction that he requested be given in place of paragraph III of the charge. Knowles's requested instruction provided:

> In order to find the Defendant guilty of the offense of continuous sexual abuse of a young child, you are not required to agree unanimously on which specific alleged acts of sexual abuse were committed by the defendant or the exact dates when those acts were committed. However, you must find unanimously from the evidence beyond a reasonable doubt that *the defendant committed one of the acts alleged in the indictment on or after June 1, 2010, and you must further find unanimously from the evidence beyond a reasonable doubt that the defendant committed at least one of the other acts alleged in the indictment before August 4, 2010 and at least 30 days after the commission of the first act.*

(Emphasis added). Knowles did not object to the application paragraph of the court's charge.

"A jury charge is fundamentally defective if it omits an essential element of the offense or authorizes conviction on a set of facts that do not constitute an offense." *Zuckerman v. State*, 591 S.W.2d 495, 496 (Tex. Crim. App. 1979). To establish continuous sexual abuse of a child, the State must prove three elements: (1) the defendant "commit[ted] two or more acts of sexual abuse," (2) "during a period that is 30 or more days in duration," and (3) "at the time of the

commission of each of the acts of sexual abuse, the [defendant was] 17 years of age or older and the victim [was] a child younger than 14 years of age." *Smith v. State*, 340 S.W.3d 41, 47 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (quoting TEX. PENAL CODE ANN. § 21,02(b)).

Relying on *Smith v. State*, 340 S.W.3d 41 (Tex. App.—Houston [1st Dist.] 2011, no pet.), Knowles argues the charge did not require the jury to find that two or more acts of sexual abuse were committed thirty days or more apart. In *Smith*, the application paragraph of the charge permitted the jury to convict if it found the defendant committed two acts of sexual abuse "on or about the 1st day of December, 2007, through the 1st day of September, 2008, *which said time period being a period that was 30 days or more in duration*." *Smith*, 340 S.W.3d at 50 (emphasis added). Smith argued the erroneous application paragraph lowered the State's burden of proof by omitting an essential element of the offense—proof of at least two acts of sexual abuse occurring during a period that is thirty or more days in duration. *Id*. at 49. Smith argued the instruction merely stated that December 1, 2007 to September 1, 2008, "is a period that is 30 or more days in duration" and imposed no requirement as to the time period in which the acts of sexual abuse occurred. *Id*. The court correctly held the instruction was erroneous:

> This instruction … allowed the jury to find appellant guilty so long as two or more acts of sexual abuse occurred between December 2007 and September 2008 regardless of whether the acts occurred at least 30 days apart. … The application paragraph of the charge is erroneous because it does not specifically require that the jury determine that two or more acts of sexual abuse occurred during a period at least 30 days in duration—i.e., that there is at least 28 days between the day of the first act of sexual abuse and the day of the last act of sexual abuse.

*Id*. at 50–51.

We disagree with Knowles that the charge in this case is analogous to that in *Smith*. In *Smith*, the trial court misplaced the statutory language, "during a period that is 30 or more days in duration," in the instruction, so that it modified the time period during which the offense

occurred. As a result, the charge merely made the irrelevant observation that the period specified in the indictment—between December 2007 and September 2008—was a time period that was thirty days or more in duration. It did not require the jury to find, as the Penal Code requires, that the defendant committed the specified acts "during a period that is 30 or more days in duration." Hence, the charge in *Smith* was defective because it did not accurately state the law and set out all the essential elements of the offense.

In contrast, here, in both paragraph III of the instructions and in the application paragraph, the language "during a period that is 30 or more days in duration" is referable to the "committed two or more acts of sexual abuse" language. Consequently, the charge expressly requires a finding that the defendant, during a period that is thirty or more days in duration, committed two or more acts of sexual abuse, and thus reflects the language and structure of the offense as provided by the Penal Code. *See* TEX. PENAL CODE ANN. § 21.02(b), (d). Moreover, the charge tracked the language of the relevant provisions of the Penal Code. *See Casey v. State*, 215 S.W.3d 870, 886–87 (Tex. Crim. App. 2007); *Martinez v. State*, 924 S.W.2d 693, 699 (Tex. Crim. App. 1996) (jury charge tracking language of statute is proper because "[f]ollowing the law as it is set out by the Texas Legislature will not be deemed error on the part of the trial judge"). We hold the charge accurately stated the law and properly charged this essential element of the offense.

The trial court also did not err in refusing to submit Knowles's requested instruction. The instruction given was correct. Further, Knowles's requested instruction would have required the last of the required two or more acts to have been committed "before August 4" when the indictment specified the last offense could be committed as late as August 4, 2010. The requested instruction thus improperly restricted the State's theories of liability. *See In re State ex rel. Weeks*, Nos. AP–76,953, AP–76,954, 2013 WL 163460, at *5 (Tex. Crim. App. Jan. 16,

2013) (trial judge may not restrict presentation of theory of party liability if the restriction is not required by charging instrument or evidence).

The trial court's jury charge tracked the applicable statutory language, accurately setting out the law applicable to the offense charged. We therefore overrule Knowles's second issue.

## INDICTMENT

In his final issue, Knowles argues the trial court erred in denying his motion to quash the indictment. The indictment alleged:

> On or about the 1st day of June, 2010 through the 4th day of August, 2010, in Mason County, Texas, Troy Shane Knowles, hereinafter "defendant", during a period that was 30 days or more in duration, committed two or more acts of sexual abuse against [K.S.], said acts of sexual abuse having been violations of one or more of the following penal laws ….

Knowles contends the indictment did not set out all the essential elements of the offense of continuous sexual abuse because it did not require that two or more of the alleged acts of sexual abuse occur thirty days or more apart.

We review the trial court's ruling on a motion to quash an indictment de novo because the sufficiency of a charging instrument is a question of law. *Smith v. State*, 309 S.W.3d 10, 13–14 (Tex. Crim. App. 2010); *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). A criminal defendant has a constitutional right to notice. *Lawrence v. State*, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007). To satisfy this notice requirement, an indictment must be specific enough to inform the defendant of the nature of the accusation against him so he may prepare a defense. *Id*.; *Moff*, 154 S.W.3d at 601. "An indictment is generally sufficient as long as it tracks the language of a penal statute that itself satisfies the constitutional requirement of notice." *Lawrence*, 240 S.W.3d at 916; *see Smith*, 309 S.W.3d at 14.

Knowles's sole contention is that the indictment did not require the two or more acts of sexual abuse occur thirty or more days apart, and he again relies solely on the rationale in *Smith v. State*. *See Smith*, 340 S.W.3d 50–51. We disagree. Here, the indictment alleged that Knowles "during a period that was 30 days or more in duration, committed two or more acts of sexual abuse against" K.S. The indictment made the temporal element referable to the "committed" provision so that it clearly requires that at least two acts of abuse be committed at least thirty days apart, as the Penal Code requires. In short, the indictment tracked the statutory language, correctly charged the temporal element of the offense, and therefore is sufficient as a matter of law. *See* TEX. PENAL CODE ANN. § 21.02(b); *see also Lawrence*, 240 S.W.3d at 916 (indictment is generally sufficient as long as it tracks language of penal statute). We overrule Knowles's third issue.

## CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH