**AFFIRM; and Opinion Filed July 26, 2018.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-17-00417-CR

**ANDREA LANE WHITNEY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-80492-2016**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Boatright

Andrea Whitney appeals the trial court's judgment convicting her of the offense of accident

involving death and sentencing her to eight years in prison. Whitney raises six issues on appeal.

She contends that the evidence is legally insufficient to support her conviction. She also contends

that the State failed to disclose exculpatory evidence, her trial counsel failed to provide effective

assistance, and the trial court erred by (i) allowing a lay witness to give expert testimony, and (ii)

finding that Whitney was intoxicated. We affirm the trial court's judgment.

### BACKGROUND

Ronald Bryan Baker was struck by Whitney's car and died as a result of his injuries. Nayef

Sheam testified that he was driving home around midnight and saw a man's body laying partially

on the grass and partially in the access road to Highway 75 in Allen, Texas. He stopped, parked

his car, approached the body, and immediately called 911. The man was breathing very heavily, and there was a large puddle of blood under his head. Sheam saw a young woman in the background crying and yelling, "someone call 911." She did not identify herself, and she did not tell Sheam what had happened.

Allen Police Officer Sean Fourcand responded to the scene and found Baker lying partially in the road, unconscious and bleeding. Baker started choking and seemed to have trouble breathing. When Officer Fourcand crouched down to roll Baker onto his side to ease his breathing, he observed blood coming from the back of Baker's head and what appeared to be his brain hanging out through a cracked portion of his skull. Officer Fourcand determined that Baker could not be moved due to the seriousness of his injury.

Upon Officer Fourcand's arrival at the scene, he saw a woman, later identified as Whitney, walking toward him from a nearby parking lot. Once he determined he could not medically assist Baker, Officer Fourcand started directing traffic to clear the way for the paramedics. He observed that Whitney was hysterical and was trying to talk to the victim. When Officer Fourcand tried to get some preliminary information from Whitney, she told him that Baker was her boyfriend. She did not identify herself, and she did not tell Officer Fourcand that she was the person who struck Baker with her car. Officer Fourcand asked for her driver's license. She walked back toward the same nearby parking lot, got into a car, and drove away.

Once the paramedics arrived to tend to Baker, Officer Fourcand began trying to identify Whitney. He recalled her saying that she and Baker had been at the "Dirty Rooster" bar. He sent a patrol officer with Whitney's description to the bar. The officer was able to identify her from a credit card receipt. With Whitney's name, the officers were next able to obtain her address. They looked for Whitney for several hours. Eventually Officer Fourcand and Corporal Arsenault met Whitney at her house. She described what had happened that night. According to Officer Fourcand,

she seemed very calm and did not display a lot of emotion. The officers found her car parked in the garage and observed damage to the front of the vehicle. At that point, Officer Fourcand called in Traffic Investigator Derrick Malena to conduct the investigation and to interview Whitney.

Whitney testified that she met Baker at the "Local Public House" bar on the night of the accident. She said Baker was intoxicated when she arrived, and they stayed there several hours. They decided to leave Local Public House and go to the Dirty Rooster bar for karaoke. They were at the Dirty Rooster for about an hour-and-a-half. According to Whitney, she brought up something that Baker did not want to talk about, so he got up and left. Whitney paid the bar tab and walked out to the parking lot to look for Baker. She called him several times. He answered once, and they had a brief conversation. She tried to call him back, but he did not answer. Whitney got in her car and started driving home. As she drove on the southbound frontage road of the I-75 expressway, she suddenly saw someone walking in the road. She did not have time to react and swerve or to apply her brakes. She struck the person in the road and saw that it was Baker.

Whitney testified that she pulled over as soon as she could find a place to park her car. She said she could not stop where she struck Baker because the road in that spot had narrowed to only one lane. She instead continued driving until she could turn into a parking lot. She parked her car and ran back to try to find Baker. She remembered telling someone to call 911 and that a police officer arrived soon thereafter. She also remembered giving the officer Baker's name. She told the officer that Baker was her boyfriend and that they had been at the Dirty Rooster. She said the officer never asked her what happened to Baker. She testified that when the officer asked for her identification, she walked to her car to retrieve her license and "just freaked out." She got into her car and drove home. Once home, she changed her clothes and called her parents. She admitted leaving the scene before the paramedics arrived.

Whitney was charged with two offenses: (1) accident involving death under Transportation Code Section 550.021(c)(1)(A), and (2) tampering with evidence. She waived a jury and pled no contest to the first charge. The parties agreed that the second charge would be dismissed but that, pursuant to Penal Code Section 12.45, the trial court could take it into consideration when assessing punishment on the first charge. The trial court conducted a sentencing hearing and signed a judgment convicting Whitney of the offense of accident involving death. The court sentenced her to eight years in prison. Whitney filed a motion for new trial. The motion was set for hearing, but the record does not reflect that the motion was ever heard or ruled upon. Whitney then appealed the judgment.

## DISCUSSION

### A. Failure to Disclose Evidence

In her first issue, Whitney contends that the State improperly failed to disclose the existence and the contents of a surveillance video. She argues the trial court erred by admitting testimony about the contents of that video. We examine a trial court's decision to admit or exclude evidence for an abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). A trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. *Id*. at 83.

During the hearing, Steve Haldiman, co-owner of the Local Public House bar, testified that Baker and Whitney were at his bar on the night of the accident and then left to go to the Dirty Rooster. He was not working at the Local Public House that night but subsequently reviewed the surveillance video and saw Baker and Whitney sitting together at the bar. According to Haldiman, the video had no sound but it appeared that they were having an argument. Whitney appeared to be yelling at Baker, and then they walked to the patio out of the view of the surveillance camera.

When the State began questioning Haldiman about the contents of the video, defense counsel objected based on Rule 404(b) of the Texas Rules of Evidence, which provides that evidence of a crime or other acts is not admissible to prove a person's character in order to show that the person acted in accordance with the character. The State responded that its questions were not intended to elicit testimony for that prohibited purpose but were instead intended to provide background regarding the circumstances on the night of the offense. The State also explained that it did not have the video and that the video had never been provided to the District Attorney's office. The trial court overruled defense counsel's objection and allowed Haldiman to continue testifying about what he saw on the video.

On appeal, Whitney argues that the State had an obligation to disclose the video's existence to the defense under article 39.14 of the Texas Code of Criminal Procedure. This article requires the State to produce witness statements, documents, and other things "that constitute or contain evidence material to any matter involved in the action and that are in the possession, custody, or control of the state or any person under contract with the state." TEX. CODE CRIM. PROC. ANN. art. 39.14(a) (West 2018). The State has an ongoing duty to promptly disclose any exculpatory, impeachment, or mitigating item in its possession, custody, or control. *Id*. art. 39.14(h), (k). Whitney contends that the State's knowledge of the video before the hearing is shown by the fact that the State called Haldiman as a witness and questioned him about the video's existence and contents. She claims that, despite such knowledge, the State never disclosed the existence of the video or provided the defense with a copy. The State responds that it did not have an obligation to disclose the video's existence because the evidence was not exculpatory, impeaching, or mitigating—it merely showed that Whitney and Baker appeared to have a brief verbal argument on the night of the offense. Furthermore, the State never had possession, custody, or control of the video.

Whitney also argues that not knowing about the video negatively affected her trial preparation and defensive strategy to counter arguments that (i) she panicked because she was intoxicated, (ii) her conduct was egregious, and (iii) she showed callous disregard. She claims her defense was based on the belief that the State did not have any witnesses who would testify as to what took place in the moments leading up to the accident. However, defense exhibit 9, the Texas Peace Officer's Crash Report completed by Investigator Malena, states that he contacted the owner of the Public House, who advised him that Baker and Whitney were drinking in her bar that evening and had been in an argument before leaving for the Dirty Rooster. The report also states that the owner contacted the police department and stated that she had information that would be useful to the investigation. Defense exhibit 9 was Whitney's exhibit and demonstrates her awareness of at least one witness who knew about what took place at Local Public House on the evening in question.

Whitney's trial counsel did not object to the video or to testimony about the video on the basis that the State failed to properly disclose the evidence. Instead, counsel objected to Haldiman's testimony about the contents of the video on the basis of evidence rule 404—as evidence of prior bad acts. As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely objection that stated the grounds for the ruling the complaining party sought from the trial court with such specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1(a). The trial court would have thought that appellant was objecting based on Rule 404(b), because that was the expressly-stated ground of her objection. Because Whitney's trial objection does not comport with the issue raised on appeal, her failure-to-disclose objection was not preserved for our review. *Gibson v. State*, 541 S.W.3d 164, 166 (Tex. Crim. App. 2017). Furthermore, any error in the admission of the evidence was cured when the same

evidence was admitted elsewhere without objection. *Hudson v. State*, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984). We overrule Whitney's first issue.

### B. Legal Sufficiency of the Evidence

In her second issue, Whitney argues the trial court erred in finding her guilty because the evidence was insufficient to support her conviction for the charged offense. She was charged with an accident involving death under Transportation Code Section 550.021(c)(1)(A). The State was required to prove that (1) Whitney was the driver of a vehicle, (2) involved in an accident, (3) that resulted in Baker's death, (4) and Whitney intentionally or knowingly (5) failed to stop and render reasonable assistance. *McGuire v. State*, 493 S.W.3d 177, 205 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). Whitney does not dispute that she was the driver of a vehicle involved in an accident that resulted in Baker's death. She contends, however, that she complied with the statute's requirement to stop and render reasonable assistance because she stopped her car, walked back to check on Baker, and shouted for someone to call 911. She also claims that she waited at the scene until help arrived.

Section 550.021(a)(4) requires that the operator of the vehicle involved in the accident "remain at the scene of the accident until the operator complies with the requirements of section 550.023." TEX. TRANSP. CODE ANN. § 550.021(a)(4) (West Supp. 2017). Section 550.023 requires that the operator:

> (1) give the operator's name and address, the registration number of the vehicle the operator was driving, and the name of the operator's motor vehicle liability insurer to any person injured or the operator or occupant of or person attending a vehicle involved in the collision;

> (2) if requested and available, show the operator's driver's license to a person described by Subdivision (1); and

> (3) provide any person injured in the accident reasonable assistance, including transporting or making arrangements for transporting the person to a physician or hospital for medical treatment if it is apparent that treatment is necessary, or if the injured person requests the transportation.

TEX. TRANSP. CODE § 550.023 (West 2011). Whitney admits that she left the scene without providing any of the required information to anyone—including Officer Fourcand. But she argues that her failure to provide such information to Officer Fourcand was not a violation of the statute because section 550.023 does not require that an operator give her information to the police. *Id.*

Whitney argues that the requirements in section 550.023 do not apply to her in light of her relationship with Baker. Relying on *State v. Stevenson*, 958 S.W.2d 824 (Tex. Crim. App. 1997), Whitney contends that she did not have to provide the required information because Baker knew her name and address. In the *Stephenson* case, the defendant driver was involved in a single-car accident in which his wife was injured. *Stephenson*, 958 S.W.2d at 825. The Court of Criminal Appeals held that the defendant was not required to provide the information required under the automobile accident statutes because defendant was married to his injured passenger, and she would have already been privy to the information required to be exchanged under the statutes. The Court concluded that the statute's reporting provision did not apply when "all the injured parties already possessed the requisite information." *Id.* at 827.

In this case, however, Whitney was not Baker's wife. Nor has Whitney demonstrated that Baker possessed all of the information required by the statute, which includes not only the driver's name and address, but the driver's registration and insurance information as well. Furthermore, both Sheam and Officer Fourcand testified that when they arrived at the scene, Baker was unconscious. There is no evidence that Baker even knew that Whitney was driving the car that struck him. In *Straker v. State*, one of our sister courts considered a similar case in which the driver left the scene of an accident involving a death without giving his name or address to anyone and without rendering reasonable assistance to the victim who was a friend and passenger in his vehicle. No. 08-14-00111-CR, 2016 WL 5845826, at *17 (Tex. App.—El Paso Sept. 30, 2016, no pet.) (not designated for publication). When appellant argued that the statutory provisions of the

–8–

Transportation Code did not apply to him in light of his friendship with the victim, the Court opined, "[w]hile a court might be able to presume that the wife of a defendant driver would have this information, we do not believe that a defendant driver would be entitled to this same presumption merely because the driver was in a pre-existing friendship with the injured party." *Straker*, 2016 WL 5845826, at *17. The *Straker* Court also concluded that there was nothing in the accident statutes that could lead to the absurd conclusion that a defendant driver is required by statute to remain at the scene to assist a total stranger but is allowed to flee the scene if he has injured a family member or friend. *Id*.

Whitney also concedes that she left the scene before the paramedics arrived. Section 550.023 required that she provide reasonable assistance, including transporting or making arrangements for transporting Baker to a physician or hospital for medical treatment since it was apparent that treatment was necessary. Whitney argues that her actions in shouting for someone to call 911 constituted rendering reasonable assistance. The record shows that Whitney was at the scene when Sheam stopped to assist. She shouted at him to call 911 but according to the evidence, she was already walking away and heading toward her car when Officer Fourcand arrived at the scene. Whitney returned and talked to Officer Fourcand briefly. However, she left before the paramedics arrived.

Under the standard set out in *Jackson v. Virginia*, we examine all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. 443 U.S. 307, 319 (1979). The trier of fact is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to their testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). The evidence demonstrates that Whitney did not provide the required information to Sheam or Officer Fourcand or anyone else at the scene. She also left the scene without making arrangements for

Baker's medical treatment and before the paramedics even arrived. Considering all of the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Whitney failed to render assistance as required by Transportation Code sections 550.021 and 550.023. We overrule her second issue.

### C. Ineffective Assistance of Counsel

In her third and fourth issues, Whitney complains that her trial counsel provided ineffective assistance by failing to make a hearsay objection to the Local Public House surveillance video and by failing to file a motion to quash the indictment. To prevail on her claims of ineffective assistance of counsel, Whitney must show that (1) trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms; and (2) there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688–92 (1984). To satisfy the first part of the *Strickland* test, she must prove by a preponderance of the evidence that counsel's representation was unreasonable according to prevailing professional norms. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). It is not enough to merely show, through the benefit of hindsight, that trial counsel's actions were questionable. *Id*. at 142–43. To satisfy the second part of the test, Whitney must show a reasonable probability that, absent counsel's deficient performance, the result of the proceeding would have been different. *Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013). Failure to satisfy either part of the test defeats the ineffective assistance claim. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

Review of counsel's representation is highly deferential; we presume that counsel's conduct fell within a wide range of reasonable representation. *Villa v. State*, 417 S.W.3d 455, 463 (Tex. Crim. App. 2013). Whitney must produce record evidence sufficient to overcome the

presumption that, under the circumstances, the challenged action was sound trial strategy. *Strickland*, 466 U.S. at 689; *Villa*, 417 S.W.3d at 463.

*1. Failure to Object to Hearsay*

Whitney complains that her trial counsel did not raise a hearsay objection to Haldiman's testimony about what he viewed on the Local Public House video. The Texas Rules of Evidence define hearsay as "a statement that the declarant does not make while testifying at the current trial or hearing and a party offers in evidence to prove the truth of the matter asserted in the statement." TEX. R. EVID. 801(d). Whitney argues that under rule 801, the contents of the video were hearsay that did not come within any exception or exclusion to the prohibition on hearsay statements.

The State, on the other hand, argues that Haldiman's testimony about the contents of the video was not hearsay. It contends that Haldiman did not testify about any "verbal expression" or its equivalent; he only testified about Whitney's and Blake's actions that he viewed on the video. Citing *Foster v. State*, 779 S.W.2d 845, 862 (Tex. Crim. App. 1989), the State argues that non-verbal, non-assertive conduct is not hearsay. We agree with the State that the apparent argument that Haldiman testified about was not intended as a substitute for verbal expression, as defined by Rule 801(a). We also note that Whitney presented evidence of the same argument in defense exhibit 9.

Whitney also complains that because the trial court appeared to place great importance on her alleged intoxication, admission of hearsay testimony related to her possible intoxication would constitute harm. However, Whitney's drinking or intoxication was never mentioned in Haldiman's testimony about the contents of the video.

To demonstrate ineffective assistance based on her trial counsel's failure to object to evidence, Whitney had to show that the trial court would have committed harmful error by overruling the objection had trial counsel objected. *Donald v. State*, 543 S.W.3d 466, 478 (Tex.

–11–

App.—Houston [14th Dist.] 2018, no pet.). Whitney has failed to show that the trial court would have committed error by overruling the hearsay objections that she asserts trial counsel should have made. *Id*. at 480. In addition, the record contains no evidence as to the strategies employed by defense counsel regarding Haldiman's testimony about the video. Generally, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Brennan v. State*, 334 S.W.3d 64, 71 (Tex. App.—Dallas 2009, no pet.). Because the presumption of sound trial strategy has not been overcome, we overrule Whitney's third issue.

### 2. Failure to Quash Indictment

Whitney next contends that her trial counsel rendered ineffective assistance by failing to move to quash the indictment. Specifically, she complains that the indictment was defective because (i) the conduct alleged by the State failed to meet the statutory elements of the crime, and (ii) she was charged under the incorrect statute. We conclude, however, that the indictment was not defective.

Whitney first argues that the indictment is defective because the conduct alleged by the State failed to meet the statutory elements of the crime. However, a motion to quash cannot be used to "argue that the prosecution could not prove one of the elements of the crime." *Lawrence v. State*, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007). It must challenge legal errors in the indictment; it may not be used as a "mini-trial on the sufficiency of the evidence." *Id*.

Second, Whitney argues that the indictment is defective because she was charged under the wrong statute. She contends that her only conceivable crime was failing to properly identify herself to the police, and therefore she should have been charged under section 38.02 of the Penal Code. However, an offense under section 38.02 occurs when a person intentionally refuses to give information to a peace officer who has lawfully arrested the person and requested the information.

–12–

TEX. PENAL CODE § 38.02(a). That was not the case here. With an accident such as this one, where the police did not identify any criminal acts that caused Whitney to strike Baker, her only crime was in leaving the scene without providing the information designated in section 550.023 of the Transportation Code. Thus, the indictment properly charged Whitney, and her counsel's filing of a motion to quash would have been futile. *Brooks v. State*, No. 14-12-00596-CR, 2013 WL 4028363, at *5 (Tex. App.—Houston [14th Dist.] Aug. 8, 2013, no pet.) (mem. op., not designated for publication). Counsel is not required to engage in the filing of futile motions, *Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991), and therefore Whitney's trial counsel was not ineffective for failing to file a motion to quash. We overrule her fourth issue.

### D. Admissibility of Witness Testimony

In her fifth issue, Whitney argues that the trial court erred by allowing Officer Fourcand, a lay witness, to give an expert opinion about her emotional state. The State contends that Officer Fourcand's testimony was admissible as lay opinion testimony.

Officer Fourcand testified that when he interviewed Whitney at her home after the offense, she seemed very calm and did not display a lot of emotion. The State asked, "[W]ould you say that she was appropriate, or inappropriate, or how would you describe it?" Defense counsel objected that the State had not provided a predicate. He also asked for the basis of Officer Fourcand's opinion and questioned whether Officer Fourcand was qualified to make an assessment about how someone would react in this situation. The trial court overruled defense counsel's objection. The State then asked Officer Fourcand if he had ever had the opportunity to interview someone who had been through a serious trauma. He responded that he had conducted such interviews many times. The State asked how Whitney's reaction compared to those other interviews. Officer Fourcand responded that, in his opinion, Whitney's reaction was not congruent with someone who had just gone through such a traumatic event.

On appeal, Whitney argues that the State asked Officer Fourcand to opine—from a psychological viewpoint—whether her emotional state was appropriate. Whitney contends that such an opinion would require specialized training and knowledge of psychology. However, based on the record, it is not entirely clear that the trial court or the State realized that defense counsel was attempting to object to Fourcand testifying as an expert. Although Whitney's counsel complained about the lack of a proper predicate, asked for the basis of Officer Fourcand's opinion, and questioned his qualifications, counsel never specifically objected on the basis that Officer Fourcand was not an expert. After the trial court overruled counsel's objection, the State elicited testimony from Officer Fourcand to establish that he was testifying from personal knowledge and experience, not based on scientific expertise.

Rule 701 of the Texas Rules of Evidence governs admission of lay-opinion testimony. "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (1) rationally based on the witness's perception; and (2) helpful to clearly understanding the witness's testimony or to determining a fact in issue." TEX. R. EVID. 701. Officer Fourcand's testimony about Whitney's emotional state was based on his personal knowledge that was rationally based on his perceptions, inferences, and impressions during his interview of Whitney. "Although police officers have training and experience, they are not precluded from offering lay testimony regarding events which they have personally observed." *Osbourn v. State*, 92 S.W.3d 531, 536 (Tex. Crim. App. 2002). The trial court did not abuse its discretion by admitting Officer Fourcand's lay opinion testimony about Whitney's emotional state during their interview. We overrule Whitney's fifth issue.

### E. Finding of Intoxication

In her sixth issue, Whitney complains that the trial court abused its discretion by making a finding of intoxication when no evidence or testimony supported such a finding. Citing *Smith v.*

*State*, 292 S.W.3d 36, 42–43 (Tex. App.—Houston [14th Dist.] 2006), *aff'd on other grounds*, 227 S.W.3d 753 (Tex. Crim. App. 2007), she contends that when a trial court assesses punishment, the court may consider an extraneous offense only if it finds that the offense was proven beyond a reasonable doubt. In response, the State contends that the trial judge did not make a finding that Whitney was intoxicated. In pronouncing Whitney's sentence, the trial judge stated:

> I believe it's a reasonable deduction from the evidence, and more likely than not, that Ms. Whitney panicked because she was intoxicated. If the evidence established that beyond a reasonable doubt, of course, the charge in this case would have been different, it would have been manslaughter, and based on these facts, the appropriate sentence could well be 20 years. But, the evidence does not establish beyond a reasonable doubt that Ms. Whitney was intoxicated.

Whitney would have us focus solely on the phrase, "Ms. Whitney panicked because she was intoxicated," and she argues that this statement is a finding of intoxication by the trial court. But the phrase cannot be considered in isolation. The trial court continued by stating that the evidence *did not* establish Whitney's intoxication beyond a reasonable doubt. Moreover, the court explained that Whitney's sentence was based on other factors, specifically, her "complete and utter callous disregard" for Baker's condition and well-being.

We conclude that the trial court did not make a finding of intoxication and did not consider the extraneous offense of intoxication in assessing punishment. We overrule Whitney's sixth issue.

## CONCLUSION

Having overruled each of Whitney's issues, we affirm the trial court's judgment.

/Jason Boatright/
_____
JASON BOATRIGHT
JUSTICE

Do Not Publish
TEX. R. APP. 47

170417F.U05

–15–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

ANDREA LANE WHITNEY, Appellant

No. 05-17-00417-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District Court, Collin County, Texas
Trial Court Cause No. 380-80492-2016.
Opinion delivered by Justice Boatright.
Justices Bridges and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 26th day of July, 2018.